The order below is hereby signed.

Signed: September 28, 2017



_S. Martin Teel, Jr._
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
KELLEE GENEAN BAKER,               )   Case No. 17-00338
                                   )   (Chapter 13)
            Debtor.                )   Not for publication in
                                   )   West's Bankruptcy Reporter.

### MEMORANDUM DECISION AND ORDER
### DISMISSING CASE WITH PREJUDICE FOR ONE YEAR AND DIRECTING
### AMENDMENT OF REQUEST FOR RECOVERY OF ATTORNEYS' FEES AND EXPENSES

Santorini Capital, LLC ("Santorini") seeks to make the dismissal of this case a dismissal with prejudice for five years. *See* Dkt. No. 26. The debtor has not opposed the motion. Under 11 U.S.C. § 109(g)(1), the debtor's conduct in the case mandates a dismissal of the case with prejudice for 180 days. However, the court has the discretion in a case of extreme abuse to bar a debtor from refiling a bankruptcy case for a longer period of time. In its motion, Santorini explains that the debtor has recorded a false lien upon her real property and alleges that the purpose of this false lien "can only be to obstruct and deter collection efforts against her property, by falsely holding out that the property is encumbered." Dkt. No. 26, at ¶ 12.

Santorini has previously scheduled an execution sale with respect to the property, and was not apparently deterred by the false lien in that regard.  Presumably Santorini will proceed anew to schedule an execution sale, and if it schedules one promptly then accomplishing an execution sale will not require a five-year period within which the debtor's case will remain dismissed with prejudice.[1]

Nevertheless, the debtor's extreme conduct suggests that she is willing to go to extreme lengths to frustrate collection efforts and there is thus a substantial threat that she may take further steps elsewhere to frustrate Santorini's collection efforts.  The court will dismiss the case with prejudice for a period of one year, with the debtor remaining free to seek to reduce the one-year bar if Santorini collects its judgment in full and with Santorini remaining free to seek a longer bar against refiling if the debtor prevents collection of the judgment during the one-year bar.

Santorini also seeks a recovery of fees and expenses.  I agree that Santorini is entitled to recover its fees and expenses that constitute damages caused by the debtor's bad faith filing.

---

[1] If Santorini decides that it wants to clear the real property of the false lien, in order to maximize bids received in an execution sale, that would be a different story because a proceeding to achieve that result might take a substantial period of time.  If Santorini chooses to take that route, it may file a motion to enlarge the period within which the case stands dismissed with prejudice.

However, while the debtor commenced her bankruptcy case on June 16, 2017, the expense entries date back to March 30, 2016, and the attorney time entries date back to August 26, 2016.[2] The fees sought include fees for pursuing discovery regarding collecting the Superior Court judgment against the debtor, and for investigating the facts regarding the false lien recorded against the real property.  This court cannot award fees and expenses in that regard.  Fees and expenses should be limited to those constituting damage suffered by reason of the debtor's bad faith filing.  Moreover, the fee records do not show the amount charged for each time entry (leaving that calculation to be made by the reader by looking for the hourly rate of the attorney involved and then doing the necessary multiplication).  That makes it difficult readily to compute the fees to be awarded.

It is thus

ORDERED that this case is dismissed with prejudice for a period of one year following August 18, 2017, the date of entry of the original order of dismissal.  It is further

---

[2] Although, some of the reported expenses incurred and attorney services rendered predating the filing of the case may have to be incurred anew based on the automatic stay having caused the cancellation of the scheduled execution sale, and such fees and costs could be awarded as damages occasioned by the bankruptcy filing. For example, the March 7, 2017, United States Marshal Service foreclosure fee of $3,500 (of which only a portion was refunded) was an expense incurred for the purpose of the sale that was ultimately canceled due to the debtor's filing of the bankruptcy case.

ORDERED that if Santorini Capital, LLC, still wishes to pursue a recovery of fees and expenses then, within 28 days after entry of this order, Santorini Capital, LLC, shall file an amended statement of attorneys' fees and expenses that (1) limits such fees and expenses to those constituting damage occasioned by the debtor's bad faith filing, and (2) is in a format that shows the amount charged for each time entry of attorney's services.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.